FILED
June 13, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003558983

JEFFREY M. VETTER
CHAPTER 7 TRUSTEE
P.O. BOX 2424
BAKERSFIELD, CA 93303
(661) 809-6806

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:

ROGER LEPROZO

Debtor(s).

Case No: 11-11851-B-7

Chapter 7

DC No. JMV-1

MOTION FOR ORDER AUTHORIZING TRUSTEE TO SELL NON EXEMPT EQUITY OF PERSONAL PROPERTY TO THE DEBTOR

Date: July 14, 2011
Time: 10:00am
Place: U.S. Bankruptcy Court
1300 18th Street, Suite A
Bakersfield, California
Judge: W. Richard Lee

I, JEFFREY M. VETTER, Chapter 7 respectfully represents:

I. INTRODUCTION

The trustee requests authority to sell the estate's interest in (1) 1997 Toyota Tacoma, (2) 1992 Suzuki Sidekick, (3) 1989 Nisaan Truck, and (4) the non-exempt equity in a 2002 Toyota 4 Runner ("the Personal Property") to Roger Leprozo ("the Debtor") for $7,612.00. The trustee believes that the sale of the estate's interest in the personal property to the Debtor is in the best interest of the estate because (1) the sale price approximates what the Trustee believes he could obtain after an offer from a third party, after paying commissions and secured creditor, (2) the

Debtor has mailed a check to the Trustee in the amount of $7,612.00, (3) a sale to the Debtor eliminates delay and uncertainty that would occur if the Trustee were to market the property, thereby allowing the Trustee complete the administration of the Chapter 7 case.

## II. FACTUAL BACKGROUND

1. Jeffrey Vetter is the duly appointed, qualified, and acting Trustee in the case.

2. The court has jurisdiction under 28 U.S.C. Section 1334 and 11 U.S.C. Section 363. This is a core matter under 28 U.S.C. 157(b) (2) (A) & (N).

3. The Debtor filed Chapter 7 on February 18, 2011.

4. A sale of the non exempt equity to the Debtor avoids the uncertainty of whether or not the Personal Property could be sold in a reasonable period of time, saves substantially on the costs of sale, and approximates what the Trustee believes he would receive from a third party buyer. Therefore, he believes it is in the best interest of the estate to sell the non exempt equity of the Personal Property to the Debtor for $7,612.00. The trustee has accepted the Debtors' offer, subject to court approval.

5. The Debtor made an offer to purchase the estate's interest in the vehicles for $7,612.00. The Debtor has delivered a check in the amount of $7,612.00.

//

//

//

//

//

//

//

## III. CONCLUSION

Wherefore, the Trustee prays for an order providing that:

1. the Motion is granted;

2. the Trustee is authorized to sell the estate's non exempt equity in the Personal Property to Debtor for $7,612.00.

3. the Trustee is authorized to execute all documents necessary to effectuate the sale of non exempt equity of personal property to the Debtor for $7,612.00.

4. for such other relief as the court determines is just and proper.

Dated: 6/13/11

/s/ *[signature]*
JEFFREY M. VETTER
Chapter 7 Trustee

E-Filed by: Jeffery M. Vetter
661-809-6806
jeffreyvetter@hotmail.com